**RICHARD D. WILLIAMS  (SBN 58640)**
rwilliams@lyttonwilliams.com
**MINA HAKAKIAN (SBN 237666)**
mhakakian@lyttonwilliams.com
**LYTTON & WILLIAMS LLP**
1539 Westwood Blvd., Suite 200
Los Angeles, California 90024
Tel.:  (310) 982-2733; Fax: (310) 277-5952

Attorneys for Plaintiff,
**ADEL F. SAMAAN, M.D.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **ADEL F. SAMAAN, M.D.,** an individual<br><br>Plaintiff<br><br>vs.<br><br>**UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE INSURANCE COMPANY**; and **Does 1 through 100**;<br><br>Defendants | **Case No.** 2:17-CV-1693<br><br>**COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)** |

Plaintiff, Adel F. Samaan, alleges as follows:

## I.   JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, and pursuant to 29 U.S.C. § 1132 (e)(1) because the action seeks to enforce rights under the Employee Retirement Income Security Act ("ERISA").  To the extent this action involves rights, duties and obligations of the parties that do not involve ERISA benefits recovery claims, jurisdiction arises pursuant to 28 U.S.C. §1367 and principles of supplemental jurisdiction, as any such non-ERISA claims are so related to the ERISA claims in the action that they form a part of the same case and

1

**COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)**

controversy under Article III of the United States Constitution.

2.     This Court is the proper venue for the action pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this Judicial District, and pursuant to 29 U.S.C. § 1132 (e)(2) because this is the Judicial District where the breaches took place, and because the defendants conduct a substantial amount of business in this Judicial District.

## II.   THE PARTIES

### A.   The Plaintiff

3.     Plaintiff Adel F. Samaan, M.D. is an individual doing business as a medical doctor in the County of Los Angeles, State of California. Dr. Samaan's primary area of medical practice is as a surgeon in the field of gynecology.

### B.   The United Defendants

4.     Plaintiff is informed and believes that Defendant UnitedHealthcare Services, Inc. and United Healthcare Insurance Company (hereinafter collectively referred to as "United Defendants" constitute one of the largest health insurance entities in the United states.

5.     Plaintiff is informed and believes that United Healthcare Services, Inc. is a Minnesota corporation with its corporate headquarter located in Minneapolis, Minnesota, and that this United entity acted as an insurance operating entity within the United family of companies.  Plaintiff is informed and believes that this entity is licensed to conduct, and does conduct, insurance operations in California and other states, whether it be under the terms of United Healthcare or some other operating names.

6.     Plaintiff is informed and believes that Defendant United Healthcare Insurance Company is a Minnesota corporation with its corporate headquarters in Minneapolis, Minnesota, and that this United entity acts as an insurance underwriting entity within the United family of companies.  Plaintiff is informed and believes that this entity is licensed to conduct, and does conduct, insurance underwriting in

California and other states, whether it be under the name of United Healthcare or some other insurance underwriting entity name.

7.      The United Defendants serve as the claims administrators and/or the insurance plan underwriters of employee health benefit plans covered by ERISA (hereinafter referred to as "ERISA Plans" or a "Plan" or "Plans") that provide, among other benefits, reimbursement for medical expenses incurred by individual Plan participants and beneficiaries covered under the Plans. Plaintiff is informed and believes that the United Defendants perform their claims handling services for a multitude of ERISA Plans, some of which are self-funded, and some of which are funded by United Defendants acting in its capacity as the insurance underwriter for the Plan.  Dr. Samaan is informed and believes that it is the responsibility of the United Defendants, as the claims administrators for each and all of the ERISA Plans involved in this case, to decide which healthcare benefits claims will be paid under the Plan; how much will be paid; and which benefits claims will not be paid - - and thereafter to pay benefits to claimants such as Dr. Samaan directly out of ERISA Plan assets that are within the unfettered control of the United Defendants in the ordinary course of business.  In simple terms, Dr. Samaan alleges on information and belief that it was the United Defendants, and not the ERISA Plans themselves, that had the responsibility and actual control to make benefits determinations for the healthcare services claims of Dr. Samaan that give rise to this benefits recovery action.

8.      Plaintiff is informed and believes that the United Defendants carry out services and functions as healthcare benefits claim administrators.  Acting with respect to members and their dependents insured either under ERISA Plans or insured through insurance otherwise provided by the United Defendants during the period 2012 through 2016, the United Defendants reviewed and evaluated Plaintiff's benefits claims.

9.      Dr. Samaan does not bring this suit against the ERISA Plans for whom the United Defendants acted as administrator or insurer in connection with Dr.

Samaan's claims.  Plaintiff is informed and believes that the United Defendants, and not the ERISA Plans, exercised actual control over the determination and payment of benefit claims submitted by Dr. Samaan.  Plaintiff is further informed and believes that, with respect to the claims in this action, the United Defendants acted as claim review fiduciaries, either as a third party administrator of a self funded employer-sponsored group health benefit plan, or as an insurer of such an employer-sponsored ERISA Plan.

10.    As is discussed later in this Complaint, Dr. Samaan alleges and contends that the United Defendants acted in an arbitrary and capricious manner by underpricing, undervaluing, underpaying or entirely failing to pay the benefits claims submitted by Dr. Samaan.

### C.    The Doe Defendants

11.    The true names and capacities of the Defendants sued herein as DOES are unknown to Plaintiff at this time, and Plaintiff therefore sues such Defendants by fictitious names.  Plaintiff is informed and believes that the DOES are those individuals, corporations and/or businesses or other entities that are also in some fashion legally responsible for the actions, events and circumstances complained of herein, and may be financially responsible to Plaintiff for services, as alleged herein. The Complaint will be amended to allege the DOES' true names and capacities when they have been ascertained.

### III.    CORE FACTS UNDERLYING DR. SAMAAN'S CLAIMS FOR PAYMENT

12.    Dr. Samaan has provided healthcare services to ERISA Plan members and their dependents on numerous occasions where the subject ERISA Plan is administered and/or underwritten by a United Defendants.  For some Plan members and dependents Dr. Samaan has provided healthcare services on more than one occasion.

///

13.      The healthcare services events which are the subject of benefits claims were carried out in connection with healthcare benefits plans issued or administered by a United Defendants. These ERISA Plans typically have some deductible or copay obligation to be paid by the Plan members and dependents, and typically pay an out-of-network provider such as Dr. Samaan something less than 100% of Dr. Samaan's billing amounts.  The deductible and copay requirements, and the percentage payable to an out-of-network provider, are typically set forth in the ERISA Plan documents themselves.

14.      When Plan members and/or their dependents came to Dr. Samaan for medical services they would present medical insurance cards in the name of "United", and the relevant insurance contact information on each medical insurance card would direct Dr. Samaan to United office locations and telephone numbers.

15.      As a condition to the provision of services by Plaintiff, each patient was required to sign an agreement assigning his or her ERISA Plan rights and benefits to Plaintiff in their entirety.  Each such assignment of benefits would provide for Plaintiff to be paid directly for the services provided to the patient, and Plaintiff has received a written assignment of benefits in connection with every outstanding benefits claim event at issue in this action.  The assignment agreement would designate Plaintiff in such manner that Plaintiff would stand in the shoes of the members/patients to seek, claim and obtain anything that the member/patient would have been entitled to receive under the applicable healthcare coverage administered and/or underwritten by the United Defendants.  A true and correct copy of Dr. Samaan's assignment agreement is attached hereto as Exhibit A.

16.      For each claim event at issue in this case, Dr. Samaan's custom and practice was to contact a United entity representative by telephone for benefit eligibility confirmation and member coverage verification prior to performing any healthcare services.  The regular practice was that Dr. Samaan's office personnel and the United representative would discuss the proposed surgery event by telephone in

advance of the services being performed, and in each such telephone communication the United entity representative would advise Dr. Samaan's representative that coverage existed for the patient and that benefits were properly payable to Dr. Samaan as an "out-of-network" provider.  The following sets forth in summary form the substance of the telephonic communications between Dr. Samaan's representative and the United entity representative which occurred prior to services being performed in connection with Dr. Samaan's claims asserted in this case.

(a)    For each claim event, Dr. Samaan's representative would call the United claim office on the United toll free line set forth on the member identification card presented by the patient.

(b)    The answering party would identify himself or herself as a representative of a United entity, thereby confirming to Plaintiff that the communication was with the authorized claims administrator for the Plan.

(c)    Dr. Samaan was an "out-of-network" provider to the Plan, and accordingly was calling United in advance of performing services to ensure in each instance that he would be paid for his services by a United entity involved in the claim event.

(d)    In each claim call, Plaintiff's representative would advise the United entity representative of the identity of the Plan member or dependent; the CPT code for the surgical procedure to be performed (the CPT code is the medical procedure descriptive identifier; CPT means "Current Procedural Terminology"); and that the purpose of the call was to verify the existence of coverage for the patient and the eligibility of Dr. Samaan for payment of benefits as an out-of-network service provider.

(e)    The United entity representative would respond by advising Dr. Samaan's representative about the percentage of out-of-network billing covered under the Plan (typically between 50% and 100%); the amount

COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)

1    of patient deductible; and whether benefits would in fact be payable to

2    Dr. Samaan based on the CPT code provided.  The United entity

3    representative would also advise Plaintiff whether specific pre-

4    authorization for the proposed surgical procedure was required.

5    (f)    After the United entity representative verified that the specified

6    treatment was covered and that Dr. Samaan as an out-of-network

7    provider was eligible for payment, Plaintiff would perform the procedure

8    for which verification was obtained.

9    17.    Dr. Samaan relied and reasonably relied on the United entity telephonic

10   representations: (a) by providing medical services to the individual patient(s) in

11   response to the United entity statements about his eligibility to receive benefits; and

12   (b) by providing medical services to other Plan members and their dependents on an

13   ongoing basis in reliance upon the United entity repeated representations that the

14   patients were covered and that Dr. Samaan was eligible to receive out-of-network

15   benefits on the benefits payment formulations as stated.  But for the advance

16   representations of the United entity in setting out the applicable benefits payment

17   formulations, Dr. Samaan would not have provided, or continued to provide, medical

18   services to Plan members and dependents for Plans issued or administered by the

19   United Defendants.

20   18.    Dr. Samaan has billed the United Defendants for services rendered to

21   Plan members and their dependents in connection with each of the claim events at

22   issue in this case.  By way of his patient assignments, Dr. Samaan stands in the shoes

23   of his patients where benefits claims are concerned.

24   19.    In connection with each of the claims where services were provided, Dr.

25   Samaan's billings submitted to the United Defendants set forth the date of the service,

26   the nature of the services rendered, the identity of the insured member and/or

27   dependent, the patient date of birth, and the applicable Plan ID number.  Each of Dr.

28   Samaan's claim billings set forth all requisite information in standard form

1  terminology with sufficient detail to enable the United Defendants to consider and

2  pay the claim in the ordinary course of business.

3      20.    The charges for healthcare services submitted by Dr. Samaan to the

4  United Defendants were in all instances usual, customary and reasonable, and in

5  accord with Dr. Samaan's charges to non-Medicare patients insured by companies

6  other than United.  Dr. Samaan's charges for services submitted to the United

7  Defendants were also in accord with the charges of other medical service providers in

8  the community having similar training or expertise as Dr. Samaan; operating in the

9  same geographic area as Dr. Samaan; and providing healthcare services and facilities

10 comparable to those provided by Dr. Samaan.

11     21.    As discussed hereinbelow, the United Defendants have abused their

12 discretion and acted in an arbitrary and capricious manner by failing and refusing to

13 honor and pay Dr. Samaan's claims in accordance with ERISA requirements,

14 practices and provisions, and Dr. Samaan has suffered resulting damages in an

15 amount to be proven at trial. Exhibit B to this complaint is a summary listing of the

16 benefits claims for which Plaintiff seeks recovery in this action.[1]  The summary claim

17 listing prepared as of the date of filing of this complaint (with patient names deleted

18 for privacy purposes) is as follows:

19     Exhibit B:   Summary listing for United - - 73 claim events, with aggregate

20              amounts billed of $382,100.00 and aggregate amounts paid of

21              $54,756.03 and refund request of $169.88.

22

23

24

25

26 [1]   Plaintiff is still performing services for members/dependents of ERISA Plans

27 administered by United Defendants, and the summary listing attached hereto will be
   supplemented and updated to set forth Plaintiff's full and final claim events listing at

28 such time as a complete listing is compiled and verified as of the date of trial.

**COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S
FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)**

## IV.    USUAL, CUSTOMARY AND REASONABLE RATE FOR HEALTHCARE SERVICES RENDERED ("UCR")

22.    As an "out-of-network" healthcare services provider, Dr. Samaan is entitled to receive payment of insurance benefits under each and all of the Plans in this case which were underwritten and/or administered by the United Defendants. One of the reasons why Dr. Samaan contacted a United entity representative by telephone prior to performing his services was to verify in advance that an out-of-network provider such as Dr. Samaan was indeed eligible to receive benefits for services to be performed under each Plan, and in response to each such communication the United entity represented that out-of-network benefits were payable.

23.    Plaintiff is informed and believes that the standard practice in the healthcare insurance industry is that ERISA Plan members and/or beneficiaries are typically free to decide whether they would prefer to utilize an out-of-network provider or an in-network provider for their healthcare needs.  The standard practice in the healthcare industry is that an out-of-network service provider such as Dr. Samaan would expect to receive something less than his full billing rate if the actual rates charged by the service provider are higher than the "usual, customary and reasonable" ("UCR") rate charged by other comparable professionals for the same or similar services in the provider's local community. In the event that Dr. Samaan's billing rate exceeded the UCR rate, a Plan administrator would have a proper basis to apply the lower of actual billed charge amounts or UCR charge amounts for the same or similar services.  However, with respect to the benefits claims at issue in this litigation, Dr.  Samaan's actual charges billed are one and the same as, or lower than, the usual, customary and reasonable rates charged by comparable physicians in the geographic area serviced by Dr. Samaan.  Accordingly, with respect to Dr. Samaan's claims, there should have been no "repricing" or "UCR rate reduction" where benefit claims were concerned.  There is no legitimate basis for repricing to the lower of

1  actual charges or UCR where actual charges and UCR are one and the same, or where
2  actual charges are lower than UCR, and to the extent that the United Defendants
3  undertook to "reprice" Dr. Samaan's claims to comport with illegitimately low or
4  fictional UCR rates, the repricing by the United Defendants was arbitrary and
5  capricious, and constituted an abuse of discretion by the United Defendants in their
6  role as Plan administrators for the Plans involved in this case.[2]

7       24.    The "percentage recoverable" for each of Dr. Samaan's charges for
8  medical services rendered in this case will vary depending upon the specific terms
9  and provisions of the Plan involved.  Some Plans allow for a 50% payment to out-of-
10  network providers; others 60%; others 70%; and others a full 100% after the patient
11  deductible and out of pocket cost share requirements (if any) are met.  Under standard
12  practice in the health insurance industry, this "percentage recoverable" is supposed to
13  be applied by the United Defendants to Plaintiff's billings for medical services on
14  either an "actual charge" or a "usual, customary and reasonable" rate basis, but in the
15  present case Dr. Samaan is informed and believes that the United Defendants did not
16  apply the Plan "percentage recoverable" to either Dr. Samaan's actual charges or to

_____

18  [2]    Any "repricing" of actual charges submitted by a healthcare services provider such
19  as Plaintiff may only be premised upon validly known and computed "UCR" rates for
20  the same or similar services carried out by comparable professionals in the particular
geographic area involved.  Repricing may not be premised upon some generalize view
21  held by the Plan administrator about what billing rates in the community "should be"
or whether the actual charges billed by a services provider are "too high" in some
22  abstract or subjective sense.  Repricing of services provider actual charges to UCR
23  involves a comparison of the actual charges of the provider to the actual charges of
other providers in the same geographic area to determine whether a particular
24  provider is overcharging as compared to the charges of peers - - and it is an abuse of
25  discretion for a claims administrator to apply some sort of formula, or computer
analytical program, or other such criteria for the purpose of bringing medical services
26  provider actual charges into line with amounts that the claims administrator decides it
27  wants to pay, or is willing to pay, or thinks is the "right amount" that should be paid
for a particular claim event.  A claims administrator has no legitimate right or
28  authority to "reprice" on any such formulaic basis.

any valid or legitimately computed UCR rate for Dr. Samaan's geographic area. Instead, Dr. Samaan is informed and believes that, in many of the claims at-issue in this case, the United Defendants undertook to "reprice" plaintiff's actual billing amounts in a manner that had no meaningful connection to UCR rates or comparable service providers in Dr. Samaan's community.

## V.  DR. SAMAAN HAS STANDING TO PURSUE CLAIMS UNDER ERISA FOR PAYMENT OF BENEFITS AND ATTORNEY'S FEES

25.    ERISA governs all aspects of health and medical benefits under ERISA Plans, and authorizes a civil action to recover unpaid benefits and attorney's fees.

26.    Dr. Samaan has standing to sue under ERISA as an assignee of benefits due to Plan members and their dependents. A member or dependent of a member is expressly empowered by section 1132 (a) of ERISA to sue for denial of benefits, and nothing in ERISA precludes a Plan member or a dependent of a member from validly assigning his or her right to benefits.  In the event of such an assignment, the assignee (Dr. Samaan in this case) stands in the shoes of the member or dependent with full standing to sue for benefits.

27.    The United Defendants in this action are the proper party defendants in an ERISA benefits recovery action.  See, *Harris Trust & Sav. Bank v. Salomon, Smith Barney, Inc.,* 530 U.S. 238, 247 (2000); *Cyr v. Reliance Standard Life Ins. Co.,* 647 F. 3d 1202 (9th Cir. 2011).

## VI.  DR. SAMAAN IS DEEMED BY LAW TO HAVE EXHAUSTED ADMINISTRATIVE REMEDIES

28.    The applicable claims procedure regulations governing ERISA Plans are set forth in 29 C.F.R. §2560.503.1. This section sets forth the minimum requirements for employee benefit plan procedures pertaining to claims.  29 C.F.R. §2560.503-1 (a).

29.    The central obligation set forth in the regulations is that: "Every employee benefit plan shall establish and maintain reasonable procedures governing

the filing of benefit claims, notification of benefit determination, and appeal of

adverse benefit determination." 29 C.F.R. §2560.503-1 (b).  Of particular significance

in this case are the regulations dealing with "Manner and Content of Notification of

Benefit Determination" set forth in 29 C.F.R. §2560-503-1 (g) (1).  That section

requires that the plan administrator shall provide a claimant with a written or

electronic notification of any adverse benefit determination.  The regulations require

the following:

> "The notification shall set forth, in a manner calculated to be understood by the claimant –

> (i)    The specific reason or reasons for the adverse determination;

> (ii)   reference to the specific plan provisions on which the determination is based;

> (iii)  a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

> (iv)   A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review."

30.    In most cases, these notification requirements were not met in the present

action, and the regulations are specific about the consequence of a failure by United

to comply with notification requirements.  29 C.F.R. § 2560.503-1

(1) provides:

> "1.    Failure to Establish and Follow Reasonable Claims Procedure:
> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim."

31.    Dr. Samaan is deemed by law to have exhausted administrative remedies

available to him because the United Defendants failed to establish and follow

reasonable claims procedures as required by ERISA.  The United Defendants herein

have routinely failed to process claims submitted by the Plaintiff in a manner

consistent or substantially in compliance with ERISA regulation 29 C.F.R.

§2560.503.1.  Among other things, the United Defendants:

- failed to set out the specific reasons for underpayment of the Samaan claims in their responses transmitted to Samaan during the administrative review process;

- failed to reference the specific Plan provisions upon which their underpayment determinations were based;

- failed to give a description of any additional material or information which was needed to pursue and perfect the claims, and an explanation of why such information was necessary;

- despite requests by Dr. Samaan, failed to provide Plan documents, or internal rules, guidance, protocols or other criteria upon which the underpayment determinations were based;

- failed to state the underpayment determinations in a manner calculated to be understood by Dr. Samaan;

- failed to provide a reasonable opportunity for full and fair review of the underpayment determinations;

- employed policies designed to unduly hamper the review and appeal of claims submitted by Dr. Samaan;

- acted systematically in a manner which rendered the administrative appeal process a futile and meaningless endeavor.

## VII. THE UNITED DEFENDANTS HAVE VIOLATED THEIR ERISA DUTIES AND RESPONSIBILITIES IN THE FOLLOWING MATERIAL RESPECTS

32.   Persons who receive their health insurance through a private employer-sponsored benefit plan are typically participants or beneficiaries of plans governed by ERISA.  Sometimes the ERISA Plans are fully insured by health insurers like United, and sometimes they are self funded.  In either case, the insurer "network" of healthcare services providers may be available to the ERISA Plans, but the insurers

COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (a)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (g)(1)

also process and pay benefits claims submitted by out-of-network providers.

33.    When the ERISA Plan is administered by United, United is responsible for interpretation and application of the Plan terms, coverage and benefits decisions, appeals of coverage determinations, and processing of payments to benefits claimants such as Plaintiff. The Plan typically will enter into an "administrative services agreement" with its insurer to perform these administrative responsibilities, and Plaintiff is informed and believes that the administrative services agreement will typically delegate to the insurer the authority and responsibility to administer claims and make final benefits decisions based on claim procedures and standards that the insurer develops and utilizes from its own vast experience in claims handling. Plaintiff is informed and believes that, under its contracts, the insurer collects administrative services fees from the ERISA Plans, and has actual control over benefits determinations and the payment of benefits to healthcare services providers such as Plaintiff.

34.    The payment procedure for each of Plaintiff's claims typically begins with Plaintiff submitting to United a standard industry billing form (usually form no. 1500).  United would then typically respond to the claim by sending a "Provider Explanation of Benefits" form (commonly known as an "EOB") which would set forth an analysis of the claim and the amount to be paid by the insurer.  The EOB form would typically include either codes or narrative remarks which would supposedly explain the difference between the amount billed by Plaintiff and the amount to be paid by United.  However, in the present case, the EOBs submitted by United to Plaintiff were woefully deficient in their purported explanations of benefit payment amounts.  In practical effect, the EOBs in this case merely served as unintelligible repricing devices which reduced Plaintiff's payment amounts to a small fraction of the amounts billed, on the basis of no valid or descriptive analysis or explanation at all.  Among other things, the EOBs were deficient in that United placed reliance on third-party "repricing" companies for purported analysis of UCR

charges as a tool to reduce the payment due to the provider.

35.     Plaintiff is informed and believes that United utilized repricing companies to perform "repricing" for the benefit of United. These "repricing" entities acted in a coordinated process with United that was specifically designed and implemented to reduce the amounts United would pay in response to medical services provider billing amounts - - irrespective of whether such "repricing" was justified or not. Plaintiff is informed and believes that the repricing entities are in the business of "repricing for profit", and that the core business purpose and central reason for corporate existence of these entities is to collect percentage contingency fee payments from United that directly connect and correlate to the amount of "savings" that the repricing entity is able to generate through the use of their data analytics strategies. Plaintiff is informed and believes that these repricing companies are financially interested parties in the claim "repricing" process and as such are inherently unreliable as service providers tasked with the responsibility of determining proper amounts due to service provider physicians such as Plaintiff.  The "repricing" entities carry out their claim reductions in an arbitrary and capricious manner - - indeed, the 60%, 70%, 80%, and even 90% reduction amounts applied by the "repricing" entities to Plaintiff's billings speak for themselves.  These self interested entities are untrustworthy and are seeking to impose claim reductions in a manner that bears no meaningful relationship to the concepts of UCR and proper medical services billing as those concepts are legitimately understood and applied in the medical community and under applicable law.  United abused its discretion by placing undue reliance on the "repricing" entities and by utilizing billing reduction strategies premised on Medicare that have no place in a free market, private sector healthcare billing environment.

///

///

///

## FIRST CAUSE OF ACTION

**Enforcement Under 29 U.S.C. §1132 (a)(1)(B) For Failure to Pay ERISA Plan Benefits and For Recovery of Reasonable Attorney's Fees and Costs Under 29 U.S.C. § 1132 (g)(1)**

36.    The allegations of the prior paragraphs (paragraphs 1 - 35) of this Complaint are hereby incorporated by reference in this First Cause of Action as if fully set forth at length.

37.    This cause of action is alleged by Plaintiff for relief in connection with claims for medical services rendered in connection with a healthcare benefits plans administered by the United Defendants.

38.    Dr. Samaan seeks to recover benefits and enforce rights to benefits under 29 U.S.C. §1132 (a)(1)(B); and under 29 U.S.C. 1132 (g)(1) for recovery of reasonable attorney's fees and costs.  Dr. Samaan has standing to pursue these claims as the assignee of member benefits.  As the assignee of benefits, Plaintiff is a "beneficiary" entitled to collect benefits, and is the "claimant" for purposes of the ERISA statute and regulations.  ERISA authorizes actions under 29 U.S.C. § 1132(a)(1)(B) to be brought directly against the United Defendants as the parties with actual control over the benefit and payment determinations with respect to Dr. Samaan's claims.

39.    By reason of the foregoing, Dr. Samaan is entitled to recover ERISA benefits due and owing in an amount to be proven at trial, and Dr. Samaan seeks recovery of such benefits by way of the present action.

40.    29 U.S.C. § 1132 (g)(1) authorizes the Court to allow recovery of reasonable attorney's fees and costs incurred in this action.  Dr. Samaan has incurred, and continues to incur, attorney's fees and costs in his pursuit of benefits, and is entitled to recover his reasonable attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the United Defendants as

follows:

**On the First Cause of Action**:

1. For damages against the United Defendants in an amount to be proven at trial in connection with the healthcare benefits claims in Exhibit B hereto.

2. For interest at the applicable legal rate.

3. For reasonable attorney's fees and costs in an amount to be proven at trial.

**Dated:** March 2, 2017                    Respectfully submitted,

**LYTTON & WILLIAMS LLP**


By:     /s/ Richard D. Williams
_____
Richard D. Williams,
Attorneys for Plaintiff Adel F. Samaan, M.D.